# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEILA BEAVERS, as Next Friend of M.T., a minor, ) ) ) | |
| Plaintiff, ) ) | Cause No. 3:18-cv-1435 |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| *Serve:* ) Donald S. Boyce ) U.S. Attorney ) U.S. Attorney's Office ) 9 Executive Drive ) Fairview Heights, IL  62208-1344 ) ) | |
| *Serve:* ) Jeff Sessions ) U.S. Attorney General ) U.S. Department of Justice ) 950 Pennsylvania Ave. N.W. ) Room: B-103 ) Washington, D.C., 20530-0001 ) ) | |
| Defendant. ) | |

## **COMPLAINT**

COMES NOW Complainant Teila Beavers, as next friend of M.T., a minor (hereinafter "M.T."), by and through her attorneys, and for her Complaint against Defendant United States of America, pleads and states as follows:

1. This action is brought pursuant to 42 U.S.C. §233, known as the "Public Health Services Act" and 28 U.S.C. §1346(b), commonly known as the Federal Torts Claims Act and pursuant to this Court's pendant jurisdiction; the plaintiff resides in the above judicial district and the omissions complained of occurred in said judicial district.

2. Complainant and M.T. are resident citizens of the state of Illinois.

1

3. Complainant and M.T., at all times relevant, received healthcare from Dr. Geoffrey Turner. At all times relevant, Dr. Turner was acting in the course and scope of his agency and/or employment with Southern Illinois Healthcare Foundation, Inc., a federally funded healthcare facility; accordingly, Complainant brings this cause of action pursuant to 28 U.S.C. §71 et seq., the Federal Torts Claims Act.

4. The medical care complained of in this Complaint occurred on or about March 8 and 9, 2016; Complainant presented her claim against the United States of America, in writing, to the Department of Health and Human Services in Washington D.C. on January 8, 2018. Said claim was received by the United States of America on or about on January 9, 2018.

5. More than six months has lapsed since Complainant presented her claim to the appropriate agency, and no action has been taken, nor has the claim been disposed; therefore, all administrative remedies have been timely filed, pursued and exhausted pursuant to 28 U.S.C. §26.71 – 26.75.

6. Dr. Geoffrey Turner and Southern Illinois Healthcare Foundation, Inc. held themselves out as professional health care providers with specialized expertise in all aspects of medical, surgical, hospital and nursing care, and more particularly in the specialty of obstetrics and gynecology; upon information and belief, and at all pertinent times herein, Dr. Turner was acting within the scope of his employment with, *inter alia*, Southern Illinois Healthcare Foundation, Inc. and the United States of America.

7. Geoffrey Turner, M.D. is, and was at all relevant times, a physician licensed to practice medicine in the state of Illinois and practice in the field of obstetrics.

8. Teila Beavers presented to Dr. Turner and Southern Illinois Healthcare Foundation, Inc. on September 29, 2015, at which time her pregnancy with M.T. was confirmed. Thereafter

she continued to treat with Dr. Turner and Southern Illinois Healthcare Foundation, Inc. during the course of her pregnancy with relatively normal course.

9. On or about December 31, 2015, Teila Beavers's glucose screen was elevated and a subsequent 3-hour fasting glucose tolerance test was performed January 8, 2016, and the results confirmed gestational diabetes mellitus.

10. On or about January 22, 2016, Teila Beavers was measuring a fundal height of 34 cm but was 32 weeks gestation.

11. On or about February 5, 2016, Teila Beavers was measuring a fundal height of 36 cm but was 34 weeks gestation.

12. On or about February 10, 2016, Teila Beavers was 34 weeks and 2 days pregnant and underwent an ultrasound. The ultrasound demonstrated an abnormally low HC/AC ratio of 1.012 with estimated fetal weight at 2933 +/- 434 grams, where the fetal abdominal circumference measurement superseded the gestational age by more than 2 weeks and the fetal head circumference superseded the gestational age by nearly 4 weeks. The fetal BPD superseded the gestational age by 3 weeks. The estimated due date by this ultrasound was March 4, 2016 and the gestational age was 36 weeks, 5 days.

13. Teila Beavers's last prenatal exam occurred on or about March 7, 2016, at which time she was at 38 weeks, 6 days, and was measured with a fundal height of 39 c.m. At this appointment, Dr. Turner scheduled a "39-week induction" for March 8, 2016.

14. On or about March 8, 2016, Pitocin induction of labor was performed at Alton Memorial Hospital beginning at 7:26 AM. The reason for induction is listed as "maternal diabetes." There is no physician history, physical exam or estimated fetal weight documented at that time.

15. Teila Beavers's labor curve demonstrated no cervical dilation from 0724 to 1306 and from 1435 to 2103 on March 8, 2016; and no cervical dilation from 2136 on March 8, 2016 to 0223 on March 9, 2016 despite adequate and regularly strong contractions.

16. Teila Beavers had elevated blood pressures throughout her labor.

17. Teila Beavers finally become completely dilated on March 9, 2016 at 0630 and after a 19-minute second stage, M.T.'s head was delivered at 0649. At that time, a shoulder dystocia was diagnosed.

18. Defendant thereafter attempted certain maneuvers to deliver M.T. without success, including attempts at traction, assisted by maternal expulsive efforts; McRoberts maneuver; suprapubic pressure; episiotomy; posterior arm release; and Woods maneuver.

19. Dr. Turner noted that M.T. was delivered following a 2-minute shoulder dystocia. He documented the position as occiput anterior and birth weight was 10 lbs. 6 oz. or 4699 grams. APGARS reported were 3/8. Dr. Turner noted, "Will watch R arm for neurologic injury."

20. Upon delivery, M.T. was noted to have no movement of his right arm. Bruising was noted on his face and arms, as well as a caput succedaneum and cephalohematoma. He was discharged home on March 11, 2016 without movement of the right arm.

21. Thereafter, M.T. was diagnosed with C5-C6 nerve root avulsion with associated atrophy of the muscles. M.T. has undergone surgeries, physical therapy and other treatment as a result of this condition.

22. At all times relevant Dr. Turner was under a duty to exercise that degree of skill and learning ordinarily exercised by members of his profession acting under the same or similar circumstances. Defendant, by and through said employee, breached said duty in one or more of the following particulars:

a) Negligently and carelessly failed to perform and document clinical or ultrasound estimated fetal weight prior to induction of labor on March 8, 2016, especially in light of the February 10, 2016 ultrasound which was consistent with a baby large for gestational age and which more likely than not would have led to a discussion regarding Cesarean section delivery;

b) Negligently and carelessly failed to obtain proper informed consent from Teila Beavers given the ultrasound findings of March 8, 2016 and the fundal height measurements leading up to induction;

c) Negligently and carelessly failed to consider the abnormal HC/AC results and signs of impending fetal macrosomia prior to delivery;

d) Negligently and carelessly failed to consider and discuss the increased risk of shoulder dystocia with Teila Beavers;

e) Negligently and carelessly failed to offer a Cesarean section to Teila Beavers;

f) Negligently and carelessly employed excessive traction on M.T.'s head in the presence of shoulder dystocia;

g) Negligently and carelessly failed to employ reasonable and proper maneuvers to relieve shoulder dystocia;

h) Negligently and carelessly failed to timely recognize the signs and symptoms of an evolving shoulder dystocia; and

i) Negligently and carelessly failed to instruct Teila Beavers to cease pushing efforts after the shoulder dystocia was recognized.

23. As a direct and proximate result or one or more of the foregoing acts and/or omissions of negligence on the part of Defendant, M.T. was caused to suffer traumatic avulsion of the nerve root at C6 and neuromas and scarring at C5 and C7. Said injuries and damages are serious, painful, permanent and progressive injuries; furthermore, M.T. was caused to undergo extensive surgical procedures, physical therapy, occupational therapy and rehabilitative services resulting in medical expenses and bills and will continue to undergo said treatments and therapies in the future and the incurring of such medical expenses into the future.

24. As a direct and proximate result of the carelessness and negligence of the United States of America, by and through its agents and employees, M.T.'s ability to enjoy the ordinary pursuits of life has been greatly diminished and his ability to earn wages and earnings in the future has been damaged and diminished.

25. As a direct and proximate result of the carelessness and negligence of the United States of America, by and through its agents and employees, M.T. will be required to purchase and use orthotics including hand and elbow splint, home adaptive modifications, including touchless plumbing controls, and lever door handles; he will require domestic service assistance; he will require clothing modification for arm length discrepancy; he will require a functional electric stimulator to promote muscle and nerve function; he will require physical therapy and occupational therapy.

26. As a direct and proximate result of the carelessness and negligence of the United States of America, by and through Southern Illinois Healthcare Foundation and Dr. Geoffrey Turner, M.T. has sustained damages in the of sum of ten million dollars.

27. A copy of counsel's affidavit and supporting medical report as required by §735 ILCS 5/2-622 is attached hereto and incorporated by reference as *Exhibit* **A**.

WHEREFORE, Complainant prays this Honorable Court for judgment in favor of M.T. and against the United States of America in a sum just, reasonable and adequate to compensate M.T. for his injuries and damages in the sum of ten million dollars, for costs and expenses incurred herein and for such other and further relief as this Court deems just and proper.

**ZEVAN DAVIDSON ROMAN, L.L.C.**

_/s/ *Rachel L. Roman*_____

| | |
|---|---|
| David M. Zevan, | #6209263 |
| david@zevandavidson.com | |
| Rachel L. Roman, | #6291929 |
| rachel@zevandavidson.com | |
| Morgan Murphy | #6305861 |
| morgan@zevandavidson.com | |

One North Taylor
St. Louis, MO  63108
Phone: (314) 588-7200
Facsimile: (314) 588-7271
*Attorneys for Plaintiff*
Dated: July 23, 2018